Filed 4/27/23  P. v. Martin CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B324490 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A982883-02) |
| v. | |
| JEROME MARTIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 1989, defendant and his codefendant murdered two people and attempted to murder a third. In 1993, he was convicted of two counts of special circumstances murder (felony murder), as well as attempted murder and other offenses. He was sentenced to life imprisonment without the possibility of parole. In 1995, his conviction was affirmed on appeal. (*People v. Martin* (Apr. 25, 1995, B081736) [nonpub. opn.].)

In 2018, Senate Bill No. 1437 invalidated the natural and probable consequences doctrine as it relates to murder, and narrowed liability for felony murder. Specifically, a defendant may no longer be convicted of felony murder unless he was (1) the actual killer; (2) a direct aider and abettor, or (3) a major participant in the crime who acted with reckless indifference to human life, as defined in the felony-murder special circumstance. (Pen. Code, § 189, subd. (e).)[1] It also enacted section 1170.95 (now 1172.6), which provides means by which a defendant convicted of murder under prior law could seek resentencing under the new version of the law.

In 2019, defendant filed a form petition for resentencing under section 1170.95. The trial court summarily denied the petition. In 2021, we affirmed the denial, on the basis that defendant was ineligible for relief as a matter of law. (*People v. Martin* (Jan. 19, 2021, B299948) [nonpub. opn.] (*1170.95 Appeal*).) Specifically, we observed that, in connection with the felony-murder special circumstance, defendant's jury was instructed that it must find he was either the actual killer or an aider and abettor who acted with the intent to kill; there was no

---

[1] All further undesignated statutory references are to the Penal Code.

instruction on major participant acting with reckless indifference to human life.  (*1170.95 Appeal*, at p. 6.)

In February 2022, defendant filed a second petition. Following appointment of counsel, briefing, and a hearing, the trial court denied the petition, concluding that – even after considering intervening changes in the law – defendant remained ineligible for relief as a matter of law.  Defendant filed the present appeal.

Defendant's counsel filed a brief indicating he could find no arguable issues to raise on appeal and requesting this court to (1) inform defendant of his right to file a supplemental brief; and (2) exercise our discretion to conduct an independent review of the record.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

After receiving notice, defendant personally filed a brief raising two issues:  (1)  the intervening authority of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*); and (2)  recently-discovered evidence demonstrates his actual innocence.[2]

*Strong* is of no assistance to defendant.  A defendant convicted of felony murder is not eligible for section 1172.6 relief if the defendant was the actual killer, had the intent to kill, or was a major participant acting with reckless indifference to human life.  (*Strong, supra,* 13 Cal.5th at p. 703.)  The *Strong* opinion was concerned with the third alternative, major participant acting with reckless indifference.  (*Ibid.*)  As we explained in the *1170.95 Appeal*, defendant's jury was not instructed on this basis for the felony-murder special

---

[2]     Defendant accompanied his petition with a request for judicial notice.  At his request, we take judicial notice of *Strong* and section 1172.6, although it is unnecessary for us to formally do so; we deny the remainder of his request.

circumstance.  His jury found that he was either the actual killer or had the intent to kill, rendering him ineligible for relief.

As defendant seems to acknowledge in his supplemental brief, a section 1172.6 resentencing motion is not the appropriate place to raise an issue of actual innocence based on new evidence.

We have independently reviewed the record and found no error.

### *DISPOSITION*

The order denying defendant's petition for resentencing is affirmed.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



MOOR, J.

4